ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 FEB 19 PM 2: 43

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| ELPIDIO ENRIQUEZ,[1] | ) |
| Petitioner, | ) |
| v. | ) CV 307-068 |
| MICHAEL V. PUGH, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the current action under 28 U.S.C. § 2241. For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[2]

### I. BACKGROUND

Petitioner was indicted on September 19, 2002, for possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (count one), and conspiracy to possess with the intent to distribute five

---

[1] Although the first page of the instant petition lists Petitioner's first name as "Elpido," his signature and documentation from his underlying criminal case and previous habeas corpus petition spell his first name as "Elpidio." (Doc. no. 1, p. 8; U.S. v. Enriquez, CR 802-370 (M.D. Fla. Sept. 19, 2002); and Enriquez v. U.S., CV 805-094 (M.D. Fla. Jan. 18, 2005)). As such, the Clerk is **DIRECTED** to change the docket accordingly.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

(5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (count two). U.S. v. Enriquez, CR 802-370, doc. no. 3 (M.D. Fla. Sept. 19, 2002). Petitioner then pled guilty to count one of the indictment. (Id., doc. no. 63). On May 1, 2003, Petitioner was sentenced to serve a 135-month term of imprisonment, to be followed by a 36-month term of supervised release. (Id., doc. no. 77). Although Petitioner filed a notice of appeal, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal based on the sentencing appeal waiver included in his plea agreement. (Id., doc. no. 133).

Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Enriquez v. U.S., CV 805-094 (M.D. Fla. Jan. 18, 2005). The court, after providing Petitioner notice, recharacterized his petition as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Id., doc. no. 7). Petitioner's motion to vacate, set aside, or correct his sentence was denied on July 13, 2005. (Id., doc. no. 9). Petitioner now argues that he was a minor participant in the events leading to his guilty plea, and therefore, he qualified for a mitigating role adjustment to his sentence. (Doc. no. 1). The Court resolves the matter as follows.

## II. DISCUSSION

Although this case was commenced pursuant to 28 U.S.C. § 2241, the Court must consider the availability of habeas relief under the circumstances of this case. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also

2

28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

3

Here, Petitioner merely states, "Because [Petitioner] at the time he filed his 2255 he did not have the understanding of the minor or minimal participant theory as he understands it today. Therefore, 2241 is the adequate remedy." (Doc. no. 1, p. 7). However, he makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. As set forth above, Petitioner must satisfy all three prongs of the test before the savings clause of § 2255 can "open the portal" to § 2241 relief. Consequently, the instant petition should be dismissed.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 19th day of February, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE